UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KELLY STEPHENSON, | ) | Civil Action No.: 21-1209 (ZMF) |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| PETE BUTTIGIEG, | ) |  |
| Secretary of Transportation, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | / | Date: September 1, 2023 |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

Pursuant to Fed. R. Civ. P. 56, Plaintiff, Kelly Stephenson, through his undersigned attorney, hereby timely moves to oppose the Defendant Pete Buttigieg, the Secretary of the U.S. Department of Transportation's (hereinafter the "Defendant", the "Department" or the "Agency") Motion for Summary Judgment (Defendant's "Motion"). The evidence before the Court is sufficient for Plaintiff to establish prima facie cases of age discrimination and retaliation, and presents material factual disputes to support pretextual inferences of discrimination by Defendant. Therefore, for the reasons set forth below, Plaintiff opposes Defendant's Motion, and respectfully asks that the Court deny Defendant's Motion.

Dated: September 1, 2023

Respectfully submitted,

*/s/ Reshad Favors, Esq.*_____
Reshad D. Favors, Esquire
1100 15th Street N.W.
Washington, DC 20005
(202) 508-8249
reshad@bsflegal.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| KELLY STEPHENSON, | ) | Civil Action No.: 21-1209 (ZMF) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PETE BUTTIGIEG, | ) | |
| Secretary of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |
| | / | Date: September 1, 2023 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

I.      **BACKGROUND**

    **i.   STATEMENT OF FACTS**

1.      Kelly Stephenson (hereinafter "Plaintiff") was born in 1966. *See* Ex. A, Plaintiff's
Deposition Transcript at 8:6-9. Plaintiff was previously employed by the Federal Aviation
Administration (hereinafter the "Defendant", the "Department" or the "Agency") Air Traffic
Control Specialist. *Id*. at 13:20-14:20.

2.      In or around January 2005, Plaintiff suffered a stroke and was placed on medical
disability retirement by Defendant. *Id*. at 24:12-25:9.

3.      Plaintiff filed an Equal Employment Opportunity ("EEO") complaint related to
medical disability retirement following this. *Id*. at 32:16-33:15.

4.      In or around 2013, Plaintiff applied for a position with Defendant, however due to
an error, he was not included on the referral list for the position. *See* Ex. B, Priority

Consideration Letter (Dec. 20, 2013). As a consequence of this error, Plaintiff was provided with "priority consideration" for two years starting on December 20, 2013. *Id*.

5.        This letter stated that "selection is at the discretion of the selecting official". *Id*.

6.        Defendant's Human Resource Policy Manual EMP-1.9 - Selection Priority is silent as to the necessary date of priority consideration for the status to be effective. *See* Ex. C, Human Resource Policy Manual – Priority Selection.

7.        After receiving priority consideration, Plaintiff applied for but was not selected for the following vacancies: AWA-AOV-14-0083SS-34769; AWA-AOV-14-0157SS-36670; and AWA-AOV-15-0101SS-41731. *See* Ex. H, Ferrante Declaration (Mar. 25, 2015); Ex. L, Doherty Declaration (Mar. 16, 2015); Ex. N, Devereaux Declaration (Mar. 25, 2015); Ex. P, Goddard Declaration (Mar. 23, 2015).

8.        For all of the vacancies Plaintiff applied to, the recruitment panel was comprised of the following individuals: Anthony Ferrante, Director, Air Traffic Safety Oversight Service, who was the "selecting official"; Julia Doherty, Manager, Planning and Program Management Staff, Air Traffic Safety Oversight Service, Aviation Safety, who was the "recommending official"; Timothy Goddard, Assistant Manager, Air Traffic Safety Oversight Service, Aviation Safety, who was a panel member; and Tommy Devereaux, Manager, Dallas/Fort Worth Area Office, Air Traffic Safety Oversight Service, Aviation Safety, who was also a panel member. *Id*.

9.        Doherty independently reviewed Plaintiff's application for the vacancies above. *See* Ex. M, Doherty Declaration at 1 (Nov. 18, 2016).

10.     Ferrante did not select Plaintiff for any position and instead considered his application alongside the applications of other candidates for the vacancies above. *See* Ex. J, Ferrante Declaration at 1 (Nov. 22, 2016); Ex. M, Doherty Declaration at 2 (Nov. 18, 2016).

11.     Plaintiff filed an EEO complaint for each of the three non-selections discussed above, alleging that he was discriminated against based upon his age. *See* Ex. A, Plaintiff's Deposition Transcript at 34:11-35:9. Specifically, he alleged that he was discriminated against because of his age through Defendant's failure to select him for a position despite his priority consideration status. *Id*.

12.     Plaintiff applied for another position with Defendant, Vacancy Announcement No. FAA-ATO-16-EXP-49432. *Id* at 36:4-13. Plaintiff discovered that he was not selected for this vacancy on September 20, 2016 and he filed an EEO complaint, alleging discrimination based on sex (male), race (Caucasian), national origin (American), and age (born in 1966), and retaliation for prior protected activity. *Id*.

13.     Plaintiff's priority consideration status ended on December 19, 2015. *See* Ex. R, Virgil Declaration at 1 (Oct. 11, 2018); Ex. B, Priority Consideration Letter (Dec. 20, 2013).

14.     The vacancy at issue in this instant action, Vacancy Announcement No. AWA-AOV-16-0025SS-44909 ("VA 44909"), was open from December 8, 2015, to December 18, 2015, to fill an Air Traffic Control Specialist position. *See* Ex. D, Vacancy Announcement 44909.

15.     Plaintiff applied for VA 44909 on December 11, 2015. *See* Ex. R, Virgil Declaration at 1 (Oct. 11, 2018).

16.     Plaintiff still had priority consideration at the time he applied for VA 44909. *See* Ex. B, Priority Consideration Letter (Dec. 20, 2013).

17.     As was the case in Plaintiff's prior applications to similar vacancies, the following individuals comprised the recruitment panel: Anthony Ferrante, Director of AOV, who was the "selecting official" *see* Ex. K, Ferrante Declaration at 3 (Jan. 9, 2017); *see also* Am. Compl. ¶ 26; Julia Doherty, Manager of Planning and Program Management Staff for AOV, who was the "recommending official" and leader of the recruitment panel, *see* Ex. M, Doherty Declaration at 1; *see also* Am. Compl. ¶ 27; Timothy Goddard, Assistant Branch Manager of the Eastern Area Operations Branch, who was a member of the panel, *see* Ex. Q, Goddard Declaration at 1 (Aug. 2, 2016); *see also* Am. Compl. ¶ 34; and Tommy Devereaux Sr., Manager of the Central Area Operations  Branch, who was another member of the panel, *see* Ex. O, Devereaux Declaration at 1 (July 26, 2016); *see also* Am. Compl. ¶ 34.

18.     Plaintiff was not included as a priority consideration candidate. *See* Ex. R, Virgil Declaration at 1; *see also* Ex. I, Ferrante Declaration at 7 (July 15, 2016).

19.     From December 2015 to February 2016, the recruitment panel for the announcement reviewed and rated the applications of the qualified applicants, to include Plaintiff, on the certification list against the Knowledge, Skills and Abilities (KSAs) in the vacancy announcement. *Id*.

20.     Of the 51 candidates scored by the panel, Plaintiff was ranked at 34. *See* Ex. F, Summary of Panel Ratings. His average score was 95 out of 300. *Id*; *see also* Ex. G, Plaintiff's Scores.

21.     Plaintiff was not invited for an interview. *See* Ex. I, Ferrante Declaration at 7 (July 15, 2016).

22.     Plaintiff was born in 1966 and was 49 when the application period closed. *See* Ex. A, Plaintiff's Deposition Transcript at 8:6-9.

23.     Darrell Austin, a selectee for interview, was born in 1984 and was 31 years old when the application period for VA 44909 closed. *Id* at 75:7-11.

24.     Kendra Beane, a selectee for interview, was born in 1979 and was 36 years old when the application period closed. *Id* at 76:24-77:8.

25.     Ferrante admitted that he may have seen Plaintiff's age in one or more of Plaintiff's prior EEO filings. *See* Ex. I, Ferrante Declaration at 7 (July 15, 2016) at 2.

26.     Ferrante admitted that he only knew who Plaintiff was due to his prior EEO complaints. *Id*.

## STANDARD OF REVIEW

### II.     Summary Judgement Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

In assessing a party's motion, "[a]ll underlying facts and inferences are analyzed in the light most favorable to the nonmoving party." *N.S. ex rel. Stein v. District of Columbia*, 709 F. Supp. 2d 57, 65 (D.D.C. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)); *see also A Helping Hand, LLC v. Balt. Cty.*, 515 F.3d 356, 365 (4th Cir. 2008). Defendant bears this burden, and it is a heavy one. *See* Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 323. On the other hand, "the plaintiff, to survive the defendant's [summary judgment] motion, need only

present evidence from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial." *See Anderson*, 477 at 257 (emphasis added). When "the record supports two plausible interpretations of what happened . . . this is precisely the type of factual dispute that 'must be resolved in a jury room rather than in the pages of the Federal Reporter.'" *Evans v. Sebelius*, 716 F.3d 617, 2013 U.S. App. LEXIS 9887, at \*14- 15 (D.C. Cir. 2013) (quoting *Czekalski v. Peters*, 475 F.3d 360, 362 (D.C. Cir. 2007)); *see also Primas v. Dist. of Columbia*, 719 F.3d 693, 698 (D.C. Cir. 2013) ("Because the record permits either inference, it is the jury's job . . . to choose between them.").

In determining summary judgment motions, a court "may not make credibility determinations or weigh the evidence," and "it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151, 120 S. Ct. 2097, (2000) (quoting 9A Wright & Miller, Federal Practice and Procedure § 2529, at 300 (2d ed. 1995)). Moreover, "in the context of discrimination cases, summary judgment should be approached with special caution because of the difficulty of proving discriminatory intent and disparate treatment." *Regan v. Grill Concepts*, 338 F. Supp. 2d 131, 133 (D.D.C. 2004) (citing *Morgan v. Fed'l Home Loan Mortgage Corp.*, 172 F. Supp. 2d 98, 104 (D.D.C. 2001)); accord, *Woodruff v. Peters*, 482 F.3d 521, 527 (D.C. Cir. 2006); *Colbert v. Chao*, 2001 U.S. Dist. LEXIS 8266 (D.D.C. 2001) (citation omitted) ("'An added measure of "rigor," or "caution," is appropriate in applying this standard to motions for summary judgment in employment discrimination cases.'") (quoting *Aka v. Washington Hosp. Ctr.*, 116 F.3d 876, 879-80 (D.D.C. 1997) (citations omitted)).

## A. <u>ARGUMENT</u>

III.    **Plaintiff's Complaint Sufficiently Establishes Discrimination Due to Age.**

Defendant claims that because Plaintiff's priority consideration had allegedly lapsed by the time, and because the relevant policy is "silent" about when priority consideration should be deemed "effective", Defendant was justified in failing to provide him with priority consideration throughout the application process to VA 44909. *See* Defendant's Motion at 2. However, Human Resource Policy Manual EMP-1.9's silence regarding the necessary date on which priority consideration may be deemed effective demonstrates clearly that, although Defendant could have given Plaintiff priority consideration, it elected not to.

Nevertheless, Defendant asserts that its failure to provide Plaintiff with priority consideration for the vacancy at issue in this case cannot demonstrate pretext, and that as a result, his claim fails in its entirety. *See* Defendant's Motion at 14.

Plaintiff's argument is not merely that Defendant's failure to provide him with priority consideration was an adverse action itself, but rather that Defendant's failure to provide him with priority consideration resulted in his non-selection, which is objectively an adverse employment action.

Despite Defendant's contentions of what priority consideration did and did not mean for Plaintiff, courts have clearly ruled on this matter. "Priority consideration" is a term of art that "generally means that an employee will receive bona fide consideration by the selecting official before any other candidate is referred for consideration, that he will not be considered in competition with other candidates, and that he will not be compared with them," *Lou v. Heckler*, 38 FEP Cases 835, 837 n.3 (D.C. Cir. 1985); *see also Bush v. Department of the Army*, EEQC Appeal No. 01960709 (February 1, 2000); *Bishop v. Department of Transportation*, EEOC Request No. 05910148 (Apr. 10, 1991).

It is apparently Defendant's position that even if Plaintiff had received priority consideration, he would nonetheless have not been selected for the vacancy at issue, as the selecting official still had discretion on whether or not to hire an applicant who was given priority consideration. *See* Defendant's Motion at 10.

Although selection was at the discretion of the selecting official, Defendant's mandate was such that Plaintiff's application for any vacancy with Defendant should have gone to the Selecting Official and no one else. Further, Defendant's mandate was such that Plaintiff must have been considered before any formal action to recruit for the vacancy, and must have been given bona fide consideration on his own merit, without competition with other potential candidates. Despite Defendant's mandate, Mr. Ferrante did not consider Plaintiff before any formal action to recruit for the vacancy at issue in this case, and did not give bona fide consideration to Plaintiff on his own merit, without competition with other potential candidates. Further against Defendant's mandate, both Mr. Ferrante and Ms. Doherty independently reviewed Plaintiff's application. Ms. Doherty, in particular, should not have had access to review Plaintiff's application. *See* Ex. A, Plaintiff's Deposition Transcript at 65:14-66:7; *see also* Ex. M, Doherty Declaration (Nov. 18, 2016) at ¶ 6. Ms. Doherty was the lead member of the recruitment panel on all three of Plaintiff's prior applications and was aware that Mr. Ferrante, her second line supervisor, had already decided that Plaintiff should not be selected for the vacancy. *Id* at ¶ 7.

Despite being qualified and having priority consideration for two years, Mr. Ferrante, the Selecting Official, decided not to offer Plaintiff a position and instead decided to consider Plaintiff's application with the application of the other candidates on the certification list of qualified applicants.

Defendant's Motion further asserts that, regardless of Plaintiff's priority consideration status, his own qualifications and experience would have led to his non-selection for the vacancy at issue in this matter. *See* Defendant's Motion at 5.

Despite Defendant's contentions about Plaintiff's qualifications for the vacancy, Plaintiff was more than qualified to be selected. Plaintiff, a former employee of Defendant, had over eighteen years of air traffic control experience working at two air route traffic control centers and exposure to working in an air traffic terminal radar approach control. *See* Ex. A, Plaintiff's Deposition Transcript at 13:20-14:20; *see also* Ex. E, Plaintiff's Resume. Plaintiff worked over fourteen years as an Air Traffic in which he was assigned to the Kansas City Air Route Traffic Control Center. *Id*. During this time, he attained he worked a wide variety of air traffic which required working knowledge of Defendant's policies and federal regulations. *Id*. He also served in a leadership capacity as the primary radar controller of the control team. *Id*. Despite his extensive experience working for Defendant in a similar capacity, Defendant later suggests that Plaintiff was not minimally qualified for a similar position.

Indeed, Defendant recognizes that Plaintiff was minimally qualified for the position he applied for. *See* Ex. K, Ferrante Declaration (Jan. 9, 2017) at 1. The Selecting Official's discretion should have ended there. Inexplicably, Mr. Ferrante did not take the Plaintiff's priority status into consideration which caused Plaintiff's application was then considered along with other candidates. *Id*; *see also* Ex. I, Ferrante Declaration (July 15, 2016) at 7. Defendant did this in spite of Plaintiff meeting the requirements of priority consideration.

Defendant acknowledged that it understood that Plaintiff had priority consideration at the time his application was completed and submitted. As discussed *supra*, Defendant recognized that

Plaintiff had priority consideration status and that he was minimally qualified. Instead of Plaintiff being hired for the vacancy he applied for, he was placed in a general pool of applicants.

Defendant intentionally ignored well-settled policy and case law to find the best qualified applicants instead of considering that Plaintiff was minimally qualified and affording him priority consideration as he should have been. The consequences of Defendant's decision favored younger applicants. In fact, two of the three applicants who were eventually employed within the vacancy were younger than Plaintiff. *See* Ex. A, Plaintiff's Deposition Transcript at 75:7-11, 76:24-77:8; *see also* Ex. I, Ferrante Declaration (July 15, 2016) at 7.

Defendant seems to rely on the premise that they were unaware of Plaintiff's age; therefore, they could not be liable for discrimination. Contrary this assertion, the Civil Rights Act of 1964, §§ 701 et seq., 703(a) (2), (h) makes clear that good intent or absence of discriminatory intent does not redeem employment procedures or testing mechanisms that operate as "built-in headwinds" for minority groups and are unrelated to measuring job capability. In other words, Defendant's argument that they were unaware of Plaintiff's age fails because of the disparate impact their decision had on older applicants.

Therefore, Defendant's analysis into whether Plaintiff was the best qualified is moot. That is, Defendant's inquiry into Plaintiff's qualifications should have ended once they determined that he was minimally qualified. As a result, the Court should deny Defendant's Motion.

**IV.** **Plaintiff Engaged In Protected Activity That Was Causally Connected to Plaintiff's Non-Selection.**

Concerning retaliation, Defendant asserts that Plaintiff has not, and cannot, prove that his non-selection for the vacancy at issue in this matter was in retaliation for his prior EEO activity, however this claim is patently false.

As previously discussed, Plaintiff had three prior EEO cases against Defendant. First was a case regarding Plaintiff's placement on disability retirement in 2005. *See* Ex. A, Plaintiff's Deposition Transcript at 32:16-33:15. Next, Plaintiff filed two separate cases after applying for several positions with Defendant while possessing priority consideration and not being selected. *Id* at 34:11-35:9. The recruitment panel for both the vacancy at issue in this case as well as the vacancies that were the subject of Plaintiff's prior complaints was comprised of the same individuals. *Id* at 64:19-23.

The record reflects that Plaintiff has indeed provided support for his contention that the recruitment panel retaliated against him for his prior EEO complaints through his non-selection. Specifically, he has demonstrated that Ms. Doherty, who should not have had access to review Plaintiff's application, as per Defendant's own policy, had reviewed his application. *See* Ex. A, Plaintiff's Deposition Transcript at 65:14-66:7; *see also* Ex. M, Doherty Declaration (Nov. 18, 2016) at ¶ 6.

The record further reflects that Mr. Ferrante, the selecting official, knew who Plaintiff was, despite having never met him or spoken to him. *See* Ex. I, Ferrante Declaration (July 15, 2016) at 2. Mr. Ferrante goes on to plainly clarify that he "only know[s] of [Plaintiff] from his EEO Filings which cause me to review his application." *Id*. What's more, despite asserting that he isn't aware of Plaintiff's age, he states in the same sentence that "It is likely I may have seen [Plaintiff's] age on one or more of the EEO complaints filed." *Id*.

In light of the above, it is clear that Defendant retaliated against Plaintiff through this non-selection. Plaintiff, a former employee of Defendant with 18-years of relevant job experience, was not afforded priority consideration and was not selected despite Ferrante's admission that Plaintiff was minimally qualified for the vacancy. *See* Ex. K, Ferrante Declaration (Jan. 9, 2017) at 1. Given

his awareness of Plaintiff's prior protected activity, *see* Ex. I, Ferrante Declaration (July 15, 2016) at 2, it is plainly apparent that the decision not to afford Plaintiff with priority consideration and to not select him for the vacancy was in retaliation for his prior EEO complaints. Accordingly, Defendant's Motion should be denied.

## **CONCLUSION**

Since Plaintiff has demonstrated that genuine issues of disputed material fact exist in the record before the Court regarding his claims of discrimination and retaliation, Defendant's Motion should be denied. Under these circumstances, as described at length above, an order granting Defendant's judgment without a trial would be premature and improper under the Court's regulations and applicable case-law.

Respectfully submitted,

*/s/ Reshad Favors, Esq.*
RESHAD FAVORS, ESQ.
D.C. Bar No. 1034316
Burns Sheppard Favors, PLLC
1100 15th Street, NW
Washington, D.C.  20005
Telephone: (202) 508-8249
Email: reshad@bsflegal.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of September 2023 one copy of the Opposition

of Defendant's Motion for Summary Judgment was served via the CM/ECF portal to:

SAM ESCHER, D.C. Bar #1655538
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Sam.Escher@usdoj.gov
*Counsel for Defendant*

*/s/ Reshad Favors, Esq.*_____
RESHAD FAVORS, ESQ.