UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLY STEPHENSON,<br><br>**Plaintiff,**<br><br>v.<br><br>PETE BUTTIGIEG,<br>*Secretary of Transportation,*<br><br>**Defendant.** | No. 21-cv-1209-ZMF |

# MEMORANDUM OPINION

Mr. Kelly Stephenson brings this action against Secretary of Transportation Pete Buttigieg ("Defendant") for violating the Age Discrimination in Employment Act ("ADEA")[1], claiming that the Federal Aviation Administration ("FAA") discriminated against him based on his age and retaliated against him for his prior complaints with the Equal Employment Opportunity Commission ("EEOC"). Pending before the Court is Defendant's Motion for Summary Judgment, which the Court will GRANT in an accompanying order.

**I.   BACKGROUND**

   A.   Factual Background

      1.   *Prior FAA Applications and Prior Protected Activity*

---

[1] Plaintiff references non-ADEA claims in his briefings but does not raise them as claims. *See* Pl.'s Am. Compl. ¶ 2, ECF No. 12; Pl.'s Opp'n to Def's Mot. For Summ. J. 11, ECF No. 30. Defendant flagged these non-ADEA references as "inadvertent error" with no related claim before the Court. *See* Def.'s Mot. for Summ. J. 1 n.1, ECF No. 29. Plaintiff did not respond to this. "[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded." *Kone v. Dist. Of Columbia*, 808 F. Supp. 2d 80, 83 (D.D.C. 2011). Thus, Plaintiff has conceded he is not pursuing non-ADEA claims.

Mr. Stephenson, born in 1966, previously worked in the FAA as an Air Traffic Control Specialist. Def.'s Response to Pl.'s Statement of Facts ("SOF Response") ¶ 1, ECF No. 31. In 2005, the FAA placed Mr. Stephenson on disability retirement after he suffered a stroke. SOF Response ¶ 2. Mr. Stephenson appealed the FAA's decision to place him on disability retirement to the EEOC. Pl.'s Opp'n to Def.'s Mot. For Summ. J. ("Pl's. Opp'n"), Ex. A, Dep. of Kelly Stephenson ("Stephenson Dep.") 32-34, ECF No. 30-1. The EEOC ruled in favor of the FAA. Stephenson Dep., 28-29.

In 2013, Mr. Stephenson applied for a position within the FAA; however, the FAA inadvertently omitted him from their list of referred applicants. *See* SOF Response ¶ 4. As a result of this error, the FAA gave Mr. Stephenson priority consideration status for two years starting on December 20, 2013. *See* Pl.'s Opp'n, Ex. B, Priority Consideration Letter ("Priority Consideration Letter") 1, ECF No. 30-2. FAA policy specifies that a priority consideration applicant will receive priority referral for employment vacancies for two years from the date of the formal application "but selection is at the discretion of the selecting official." *Id.*; Pl.'s Opp'n, Ex. C, Policy Manual 3, ECF No. 30-3.

Despite his priority consideration, the FAA did not select Mr. Stephenson for the three vacancies to which he applied. *See* SOF Response ¶ 7. Mr. Stephenson appealed these three non-selections to the EEOC. *See* Pl.'s Am. Compl. ("Am. Compl.") ¶¶ 8-11, ECF No. 12. The EEOC affirmed the FAA's final decisions. *See* Def.'s Mot. to Dismiss, Ex. 1, EEOC Decision 1, ECF No. 9-2.

2. *Mr. Stephenson's Application to VA 44909*

On December 11, 2015, Mr. Stephenson applied to the vacancy at issue, AWA-AOV-16-0025SS-44909 ("VA 44909"). Pl.'s Opp'n ¶ 15. This vacancy was open from December 8-18,

2015. Pl.'s Opp'n, Ex. D, VA 44909 Listing 1, ECF No. 30-4. His priority consideration status ended on December 19, 2015. *See* Pl.'s Opp'n, Ex. R, Decl. of Lamont Virgil ("Virgil Decl.") ¶¶ 4-8, ECF No. 30-18. The hiring authority received a certified list of applicants on December 28, 2015, which included Mr. Stephenson as an applicant without priority consideration. *See id.* ¶ 9.

The same four individuals sat together on a recruitment panel for all four vacancies to which Mr. Stephenson had applied. *See* Def.'s Mot. for Summ. J. ("MSJ") 6, ECF No. 29. Three of these individuals were older than Mr. Stephenson. *See id.* at 11-12.

The panel followed standard protocol for reviewing applications and selecting individuals for an interview. *See* MSJ, Ex. S, Decl. of Anthony Ferrante ("Ferrante Decl.") ¶¶ 17-19, ECF No. 29-20. This included an evaluation of the applicants' experience and education, and scoring applicants against a Job Analysis Tool with an embedded Knowledge, Skills, and Abilities criteria specific to the vacancy. *See* MSJ, Ex. T, Job Analysis Tool ("Job Analysis Tool") 1, ECF No. 29-20; Ferrante Decl. ¶¶ 28-29. Mr. Stephenson scored an average of 95 out of 300. Pl.'s Opp'n, Ex. F, Summary of Panel Ratings ("Panel Ratings") 1, ECF No. 30-6. He was ranked 34th out of 51 total applicants. *Id.* at 1-2.

For employment vacancies, the FAA on average invites the top five to eight candidates based on initial application scores for an interview. *See* Ferrante Decl. ¶ 17. For VA 44909, the panel selected nine candidates—but not Mr. Stephenson—for interviews. *See id.* ¶ 20. The panel did not select Mr. Stephenson because of his poor scores. *See id.*

The panel selected seven individuals to fill the vacancy for VA 44909. *See id.* ¶ 25. Of the seven, four were older than Mr. Stephenson. Stephenson Dep. 77-79.

3

Mr. Stephenson filed a complaint about this non-selection with the EEOC. *See* Am. Compl. ¶ 8. On March 29, 2021, the EEOC affirmed the FAA's decision. *See* Def.'s Mot. to Dismiss, Ex. 2, EEOC Decision 2, ECF No. 9-3.

B.  Procedural History

On May 4, 2021, Mr. Stephenson filed this suit. *See* Compl. 8, ECF No. 1. On November 8, 2021, Defendant filed a Motion to Dismiss. *See* Def.'s Mot. to Dismiss 16, ECF No. 9. On December 6, 2021, Mr. Stephenson filed an Amended Complaint. Am. Compl. 9, ECF No. 12. On March 2, 2022, the parties consented to proceed before a U.S. Magistrate Judge, and the matter was referred to the undersigned. Meet and Confer Statement 8, ECF No. 16. On April 11, 2022, the undersigned denied Defendant's Motion to Dismiss as moot. Min. Order (Apr. 11, 2022).

On August 3, 2023, following discovery, Defendant moved for summary judgment. MSJ. On September 1, 2023, Mr. Stephenson filed his response in opposition to Defendant's motion for summary judgment. Pl.'s Opp'n, ECF No. 30. On September 27, 2023, Defendant filed a reply. Def.'s Reply in Support of Mot. for Summ. J. ("Def.'s Reply"), ECF No. 31.

II.  **LEGAL STANDARD**

To succeed on a motion for summary judgment, the moving party must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Steele v. Schafer*, 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden of demonstrating that there is no genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party

4

must identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

In evaluating motions for summary judgment, the Court must review all evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmoving party's favor. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam). In doing so, the Court must not assess credibility or weigh the evidence. *See Barnett v. PA Consulting Grp., Inc.*, 715 F.3d 354, 358 (D.C. Cir. 2013). "[T]he nonmoving party must present specific facts, supported by materials in the record, that would be admissible at trial and that could enable a reasonable jury to find in its favor." *Jeffries v. Garland*, No. 15-cv-1007, 2022 WL 2982169, at *7 (D.D.C. July 27, 2022). A genuine issue for trial must be supported by affidavits, declarations, or other competent evidence. *See* Fed. R. Civ. P. 56(c). If the nonmoving party's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 249-50.

**III.   DISCUSSION**

   A.   <u>Discrimination</u>

A successful ADEA claim requires that the plaintiff (i) suffered an adverse employment action (ii) because of the plaintiff's age. *See Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). A plaintiff must show by a preponderance of the evidence, direct or circumstantial, "that age was the 'but-for' cause of the challenged employer decision." *Steele v. Esper*, 419 F. Supp. 3d 96, 107 (D.D.C. 2019).

"We use the three-step framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to evaluate discrimination and retaliation claims [under the ADEA] that rely on indirect, circumstantial evidence." *Iyoha v. Architect of the Capitol*, 927 F.3d 561, 566 (D.C. Cir.

2019); *see Carter v. George Wash. Univ.*, 387 F.3d 872, 878 (D.C. Cir. 2004) (applying *McDonnell Douglas* framework to ADEA claims). First, Mr. Stephenson must make out a prima facie case. Second, the burden shifts to the FAA to articulate a legitimate nondiscriminatory and nonretaliatory reason for its action. *See McGrath v. Clinton*, 666 F.3d 1377, 1383 (D.C. Cir. 2012). Such reason may include Mr. Stephenson's "'seniority, length of service in the same position, personal characteristics, general education, technical training, experience in comparable work or any combination' of such criteria." *Figueroa v. Pompeo*, 923 F.3d 1078, 1089 (D.C. Cir. 2019) (quoting *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1076 (11th Cir. 2003)). The "central inquiry" then becomes "whether the plaintiff produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory [and nonretaliatory] reason was not the actual reason and that the employer intentionally discriminated [or retaliated] against the plaintiff on a prohibited basis." *Iyoha*, 927 F.3d at 566 (quoting *Adeyemi v. District of Columbia*, 525 F.3d 1222, 1226 (D.C. Cir. 2008)). In other words, the employee must demonstrate "pretext." *See Jones v. Bernanke*, 557 F.3d 670, 679 (D.C. Cir. 2009).

When the employer properly presents a legitimate nondiscriminatory and nonretaliatory reason for the challenged action at the summary judgment stage, the district court "need not—*and should not*—decide whether the plaintiff actually made out a prima facie case." *Brady v. Off. of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008).

1. *Defendant's Legitimate Nondiscriminatory and Nonretaliatory Justification*

Four factors are "paramount in the analysis" of whether an employer has met its burden: (1) the employer must produce admissible evidence; (2) "the factfinder, if it believe[s] the evidence, must reasonably be able to find that the employer's action was motivated by a nondiscriminatory [and nonretaliatory] reason;" (3) the employer's justification must be "facially

credible in light of the proffered evidence;" and (4) the employer must provide a "clear and reasonably specific explanation" for its action. *Figueroa*, 923 F.3d at 1087-88 (internal quotation marks omitted).

First, Defendant "supported its justifications with evidence that the Court may consider at summary judgment, including deposition testimony," affidavits, and evidentiary records. *Arnoldi v. Bd. of Trs., Nat'l Gallery of Art*, 557 F. Supp. 3d 105, 115 (D.D.C. 2021) (internal citation omitted). This includes sworn affidavits from Mr. Ferrante (the selecting official), Mr. Stephenson's deposition testimony, documents relating to applicant scoring criteria, scores of all applications to VA 44909, and testimony relating to applicant interviewing processes. *See generally* Ferrante Decl. ¶¶ 17-23; *see generally* Stephenson Dep. Mr. Stephenson does not "contest the admissibility of [Defendant's] evidence" and has provided the same documents in his own opposition brief. *See* Pl.'s Opp'n; *Moss v. Hayden*, No. 18-cv-470, 2020 WL 4001467, at *4 (D.D.C. July 15, 2020).

Second, Defendant need only "raise a genuine issue of fact as to whether the employer intentionally discriminated [or retaliated] against the employee" to satisfy the second factor. *Figueroa*, 923 F.3d at 1087 (internal quotation marks omitted). An employee's "lack of qualifications or the absence of a vacancy in the job sought" are "the two most common legitimate" explanations for refusing to hire a person. *George v. Leavitt*, 407 F.3d 405, 412 (D.C. Cir. 2005) (internal quotation marks omitted). The FAA provided evidence of Mr. Stephenson's lack of qualifications via his poor evaluation scores. *See* Panel Ratings at 1; Pl.'s Opp'n, Ex. G, Stephenson's Scorecard ("Stephenson's Scorecard") 1, ECF No. 30-7. Simply put, "there were more qualified candidates." *Jeffries*, 2022 WL 2982169, at *10. There is no evidence that the panel did not genuinely believe this rationale. *See* Ferrante Decl. ¶¶ 24, 27, 29; MSJ, Ex. P,

7

Supplemental Affidavit of Anthony Ferrante (Supp. Ferrante Decl.) ¶ 3, ECF No. 29-17; Def.'s Reply at 6. And this is critical given that "the inquiry is limited to whether [the panel] believed the [information] in good faith and whether [their] decision . . . was based on that belief." *Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1165-66 (5th Cir. 1993). As such, and given that three of the four panel members were "members of . . . [P]laintiff's protected class, any inference of discrimination [or retaliation], without additional evidence, is not warranted." *Cox v. Nielsen*, No. 16-cv-1966, 2019 WL 1359806, at *21 (D.D.C. Mar. 26, 2019) (internal quotation marks omitted).

Third, an explanation is not facially credible if it is "so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it." *Bishopp v. District of Columbia*, 788 F.2d 781, 786 (D.C. Cir. 1986). Defendant's statements and documents are internally consistent. The panel was supposed to select the top candidates for interviews. *See* Ferrante Decl. ¶ 17. And it did. *Id.* ¶ 20. Mr. Stephenson was far from a top candidate, ranking 34th out of 51 applicants. *Id.* Thus, the panel terminated his application for VA 44909. *See* MSJ, Def.'s Material Facts Not In Dispute ¶ 34, ECF No. 29-1. Being underqualified is a recognized plausible reason for non-selection. *See Chappell-Johnson v. Bair*, 574 F. Supp. 2d 103, 109 (D.D.C. 2008). Moreover "the issue is not the correctness of desirability of the reasons offered but whether [the panel] honestly believe[d] in the reason [they] offer[ed]" at the time of Plaintiff's application. *Arnoldi*, 557 F. Supp. 3d at 116. It is uncontroverted that the panel believed Plaintiff was not a top candidate. *See* Ferrante Decl ¶¶ 24, 27, 29; Supp. Ferrante Decl. ¶ 3. Therefore, Defendant's nondiscriminatory explanation "is 'facially credible' in light of the evidence of Plaintiff's qualifications and scores." *Nagi v. Buttigieg*, 619 F. Supp. 3d 115, 125 (D.D.C. 2022) (extending interviews to more qualified candidates after initial evaluation and scoring deemed facially credible).

Fourth, the FAA's explanation was "sufficiently clear and specific." *Clinton v. Granholm*, No. 18-cv-991, 2021 WL 1166737, at *9 (D.D.C. Mar. 26, 2021). Specifically, it was that Mr. Stephenson was not qualified. *See* Ferrante Decl. ¶¶ 24, 27, 29; MSJ, Ex. J, Affidavit of Julia H. Doherty ("Doherty Aff.") ¶ 12, ECF No. 29-11; MSJ, Ex. H, Affidavit of Timothy Goddard ("Goddard Aff.") ¶¶ 9-18, No. 29-9; MSJ, Ex. G, Affidavit of Tommy Devereaux ("Devereaux Aff.") ¶ 18, No. 29-8. The panel's scoring and evaluation criteria, which Mr. Stephenson received in discovery, supported this explanation. *See* Ferrante Decl. ¶¶ 24, 27, 29; Doherty Aff. ¶ 12; Goddard Aff. ¶¶ 9-18; Devereaux Aff. ¶ 18; Panel Ratings at 1; Stephenson's Scorecard at 1. The FAA offered no other explanation. Accordingly, "Defendant has articulated reasons with sufficient specificity to provide [Plaintiff] a 'full and fair opportunity to attack the explanation as pretextual.'" *Moss*, 2020 WL 4001467, at *5 (quoting *Figueroa*, 923 F.3d at 1088) (concluding that reasons were enough after a plaintiff challenged employer's qualifications-based explanation for not promoting her).

Thus, the *Brady* shortcut applies as the FAA has presented a legitimate, nondiscriminatory and nonretaliatory reasons for not hiring Mr. Stephenson.[2] *See Barry v. Haaland*, No. 19-cv-3380, 2022 WL 4598518, at *6 (D.D.C. Sept. 29, 2022), *aff'd,* No. 22-cv-5268, 2023 WL 2905253, at *1 (D.C. Cir. Apr. 10, 2023). "The burden now shifts to [Mr. Stephenson] to provide sufficient

---

[2] The issue of whether Plaintiff should have been afforded priority consideration permeates the parties' briefs. *See* Am. Compl. ¶¶ 19-20, 30-32; Pl.'s Opp'n at 8-12; MSJ at 9-15, 18; Def.'s Reply at 2-4. In seeking to establish his prima facie case, Mr. Stephenson argues that the "Defendant's failure to provide him with priority consideration resulted in his non-selection, which is objectively an adverse employment action." *See* Pl.'s Opp'n at 8. However, this argument fails. The Court need not consider whether it was an adverse action because we apply the *Brady* shortcut. And even if *Brady* did not apply, "a failure to afford a candidate priority consideration when it is due, standing alone, is not an adverse employment action adequate to support" an ADEA claim. *Jeffries*, 2022 WL 2982169, at *12 (citing *Bridgeforth v. Jewell*, 721 F.3d 661, 664 (D.C. Cir. 2013).

evidence by which a reasonable jury could find [that Defendant's] stated reason was pretext for discrimination or retaliation." *Albert v. Perdue*, No. 17-cv-1572, 2019 WL 4575526, at *5 (D.D.C. Sept. 20, 2019) (citing *Brady*, 520 F.3d at 494).

        2.    *Mr. Stephenson's Evidence of Pretext*

Plaintiffs may establish pretext three ways. First, a plaintiff may show that the defendant provided a "false" explanation for its employment decision. *See Lathram v. Snow*, 336 F.3d 1085, 1089 (D.C. Cir. 2003). "It is not enough for the plaintiff to show that a reason given for a job action is not just, or fair, or sensible." *Hogan v. Hayden*, 406 F. Supp. 3d 32, 46 (D.D.C. 2019) (quoting *Pignato v. Am. Trans. Air, Inc.*, 14 F.3d 342, 349 (7th Cir. 1994)). Second, an "employer's failure to follow established procedures or criteria" may also provide evidence of pretext allowing an employee to survive summary judgment. *Wang v. Wash. Metro. Area Transit Auth.*, 206 F. Supp. 3d 46, 68 (D.D.C. 2016) (quoting *Brady*, 520 F.3d at 495 n.3). Third, "[a] plaintiff can establish pretext masking a discriminatory [or retaliatory] motive by presenting 'evidence suggesting that the employer treated other employees of a different [group] . . . more favorably in the same factual circumstances.'" *Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290, 301 (D.C. Cir. 2015) (quoting *Brady*, 520 F.3d at 495).[3]

        a.    Pretext: False Explanation

Mr. Stephenson argues that the panel's proffered reasons for not extending an interview to him were false. *See* Pl.'s Opp'n. at 10-11. Specifically, he argues that "Defendant recognized that

---

[3] Mr. Stephenson makes a standalone retaliation claim that because Mr. Ferrante was aware of Mr. Stephenson's prior EEOC filings, his rejection of Mr. Stephenson's application to VA 44909 was retaliation based on those prior EEOC filings. *See* Pl.'s Opp'n at 11-13. But this argument fails for the same reasons as his discrimination claim: the FAA provided a legitimate explanation for his non-selection, and Mr. Stephenson fails to refute that reason through evidence of pretext.

Plaintiff had priority consideration status and that he was minimally qualified. Instead of Plaintiff being hired for the vacancy he applied for, he was placed in a general pool of applicants."[4] *Id.* Thus, Mr. Stephenson argues that the FAA's stated reason for continuing the search—to find better qualified candidates—was false.[5] He believes instead that the FAA continued the search to "favor[] younger applicants." *Id.* at 11.

But Mr. Stephenson's dissatisfaction with the interview selection process does not demonstrate that the panel's explanation for not interviewing him—his lack of qualifications—was false. *See Moss*, 2020 WL 4001467, at *6. The FAA decided which metrics determined qualified candidates to interview. *See* Job Analysis Tool at 1-2. "Neither candidates nor courts define qualifications, however; employers do." *Jeffries*, 2022 WL 2982169, at *11. The Court is not "a 'super-personnel' department that reexamines an entity's business decisions." *Jackson v. Gonzales*, 496 F.3d 703, 707 (D.C. Cir. 2007). And business decisions include "assessing . . . [employee] qualifications." *Holcomb v. Powell*, 433 F.3d 889, 897 (D.C. Cir. 2006). "[P]laintiff's disagreement with, or disbelief of, the employer's explanation cannot, without more, 'satisfy the burden of showing that a reasonable jury could find that the employer's asserted reason was not the actual reason and that the employer intentionally discriminated against the plaintiff on a prohibited basis.'" *Jeffries*, 2022 WL 2982169, at *9 (quoting *Burton v. District of Columbia*,

---

[4] Mr. Ferrante would have been required to review Mr. Stephenson's application first before any others if Mr. Stephenson had had priority consideration status. However, as noted below, Mr. Stephenson did not have priority consideration status, so this argument fails. Further, Mr. Stephenson conflates interviewing priority with hiring certainty. But Mr. Stephenson "has [not] explained how . . . [Mr. Ferrante's] failure directly to evaluate him had any impact *at all* on the likelihood he would win the position." *Jeffries*, 2022 WL 2982169, at *13.

[5] To the extent that Mr. Stephenson is arguing that his non-selection as a priority consideration candidate was inconsistent with the FAA's internal policy—as opposed to a false explanation— that is answered below.

11

153 F. Supp. 3d 13, 58 (D.D.C. 2015), *aff'd sub nom. Nelson v. District of Columbia*, 689 F. App'x 642 (D.C. Cir. 2017) (per curiam)).

### b.   Pretext: Inconsistency

It is the Plaintiff's burden to "provide some evidence of the standard procedures themselves in order for the Court to evaluate whether there has been a deviation." *Brisbon v. Tischner*, 639 F. Supp. 3d 164, 175 (D.D.C. 2022) (internal quotations omitted). Mr. Stephenson argues that the FAA ignored "well-settled policy and case law" by not affording him priority consideration status.[6] *See* Pl.'s Opp'n at 11. However, Mr. Stephenson's priority consideration lapsed between vacancy closure and certification of the referral list. *See* MSJ, Def.'s Material Facts Not In Dispute ¶¶ 19-21, ¶ 26. Mr. Stephenson counters that because he had priority status prior to application closure, the status should have still been effective at the time of referral list generation. However, the FAA's internal human resources policy is "silent as to the necessary date of priority consideration for the status to be effective." MSJ ¶ 7. Thus, there simply was no policy here. *Id.* And without an established policy, Mr. Stephenson cannot demonstrate inconsistency. *See Brisbon*, 639 F. Supp. 3d at 175-76.

Additionally, the window of time from vacancy closure to referral list generation "was an entirely normal turnaround period." *See* MSJ, Ex. N, Decl. of Lamont Virgil 2, ECF No. 29-15. Mr. Stephenson does not show how this interval was inconsistent with the FAA's past practice or internal policy. *See Brisbon*, 639 F. Supp. 3d at 175-76. At most, Mr. Stephenson has raised complaints about the pace of the FAA's hiring process. But "[e]ven if a court suspects that a job applicant 'was victimized by . . . poor selection procedures' it may not 'second-guess an

---

[6] Mr. Stephenson does not raise a stand-alone claim regarding his priority consideration status. *See supra* n.2.

employer's personnel decision absent demonstrably discriminatory motive.'" *Fischbach v. D.C. Dep't of Corrs.*, 86 F.3d 1180, 1183 (D.C. Cir. 1996) (quoting *Milton v. Weinberger*, 696 F.2d 94, 100 (D.C. Cir. 1982)). Indeed, "[m]inor procedural irregularities without discriminatory intent are not enough to demonstrate pretext." *Breiterman v. U.S. Capitol Police*, 15 F.4th 1166, 1175 (D.C. Cir. 2021). Mr. Stephenson has failed to establish such motive here.

Mr. Stephenson also argues that the FAA deviated from its policy of always interviewing candidates with priority status whom the FAA had deemed as "minimally qualified." *See* Pl.'s Opp'n at 12-13. Again, Mr. Stephenson did not have priority status. *See supra* Part I. Additionally, the FAA followed its policy here. The FAA typically invites the top five to eight candidates based on initial application scores for an interview. Ferrante Decl. ¶ 17. The panel selected nine candidates for interviews, but not Mr. Stephenson because of his poor initial scores. *Id.* ¶ 20.

Further, the priority consideration policy specifically provides the selecting official with discretion. *See* Priority Consideration Letter at 1; Pl.'s Opp'n ¶ 5; Stephenson Dep. at 44-45. Thus, even if Mr. Stephenson had received an interview via priority consideration, he still may not have received the job given his low scores. *See* Panel Ratings at 1; Stephenson's Scorecard at 1. "[A] failure to follow [the FAA's] own policies" does not demonstrate pretext without something more where the "policy confer[red] substantial discretion on the decision maker." *Chambers v. Fla. Dep't of Transp.*, 620 F. App'x 872, 879 (11th Cir. 2015).

     c.  Pretext: Comparators

Mr. Stephenson offers no comparators to show evidence of pretext. In fact, the age of those selected for VA 44909 cuts against pretext. Four of the seven individuals selected were older than Mr. Stephenson. *See* MSJ ¶¶ 34-42; Stephenson Dep. 77-79. "[T]hat other employees in a protected group analogous to [Mr. Stephenson] were treated well suggests that" Mr. Stephenson's

age was not the reason for his non-selection. *Geter v. Gov't Publ'g Off.*, 436 F. Supp. 3d 227, 240 (D.D.C. 2020).

Because Mr. Stephenson has not demonstrated pretext by any of the three means, summary judgment is appropriate. *See Clinton*, 2021 WL 1166737, at *9-11.

## IV. CONCLUSION

Judgment is entered as a matter of law in favor of Defendant.

Date: January 18, 2024

                                            ZIA M. FARUQUI
                                            UNITED STATES MAGISTRATE JUDGE